## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| HOLLYBROOK APTS, LLC., ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 1:22-cv-1250 |
| ) | |
| v. ) | |
| ) | Removed from Circuit Court of Peoria |
| WEST BEND MUTUAL INSURANCE ) | County Case No.: 2022LA0000128 |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

NOW COMES the Defendant WEST BEND MUTUAL INSURANCE COMPANY (hereinafter referred to as "West Bend" or "Removing Defendant"), by and through its attorneys Daniel J. Cunningham and Kathleen M. Hart of Tressler LLP, and pursuant to 28 U.S.C. §§1332, 1441, and §1446, remove Case No. 2022LA0000128, entitled *Hollybrook Apts, LLC v. West Bend Mutual Insurance Company*, now pending in the Circuit Court of Peoria County, Illinois to the United States District Court for the Central District of Illinois, Peoria Division, and in support thereof states as follows:

### BACKGROUND

1. This cause of action arises out of an alleged contractual dispute relating to an insurance policy issued by West Bend. (*See* Ex. A)

2. Specifically, Plaintiff seeks recovery of alleged hail damage to an apartment complex known as Hollybrook located at 1420 West Glen Avenue in Peoria, Illinois. *Id*.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 (a)(l) because the procedural requirements for removal are satisfied,

and this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4. Pursuant to 28 U.S.C. § 1446, "[t]he Notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading …." According to the U.S. Supreme Court, the time for removal begins to run upon service of legal process. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5. West Bend was served with a copy of the Complaint in the Peoria County action on June 28, 2022. (Ex. A) This Notice of Removal is therefore timely.

6. Pursuant to 28 U.S.C. § 1446(a), Exhibit A consists of all "process, pleadings, and orders" served on West Bend in the Peoria County action.

7. West Bend is the only Defendant for purposes of consent to removal. 28 U.S.C. § 446(b).

8. There have been no substantive proceedings in the Peoria County action since the filing of the Complaint.

9. The United States District Court for the Central District of Illinois, Peoria Division, embraces the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 93(a)(l) and 1441(a).

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, which reflects the style of the case exactly as it was styled in state court, is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court, Peoria County, Illinois.

11. The appropriate filing fee has been tendered to the Clerk of the United States District Court for the Central District of Illinois, Peoria Division.

12. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. A copy of the civil cover sheet is attached hereto as Ex. B.

13. If any question arises regarding the propriety of the removal of this action, the removing defendant respectfully requests the opportunity to present a brief and an oral argument in support of the position that this case is removable.

### REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. A limited liability company's citizenship, for diversity purposes, is the citizenship of each of its members. *Camico Mut. Inc. Co. v Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

16. The Plaintiff has four member-managers, Charles Padot, William Padot, Dena Ivezi, and Anthony Souhrada. (Ex. C-D) Charles Padot and William Padot reside in Newberg, OR, and therefore are citizens of Oregon. Dena Ivezic resides in Crown Point, Indiana, and therefore, is a citizen of Indiana. Anthony Souhrada resides in Bettendorf, Iowa and therefore, is a citizen of Iowa. *Id*.

17. For diversity jurisdiction purposes, a corporation is deemed to be citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. 1332(c)(1); *CCC Information Svcs., Inc. v. American Salvage Pool Ass'n.*, 230 F.3d 342, 346 (7th Cir. 2000).

18.     West Bend is a Wisconsin corporation with its principal place of business in West Bend, Wisconsin.

19.     It is apparent from the face of the Complaint that the amount in controversy in this case substantially exceeds $75,000, exclusive of interest and costs. *Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court"). The claim for which the Plaintiff seek damages, which Plaintiff contends are covered under an insurance policy issued by West Bend, include alleged hail damage to the roofs and the soft metal, including trim materials, exterior heating, ventilation and air conditioning equipment, of certain buildings.

20.     The Complaint specifically alleges that the damage was inspected and that "River City Roofing determined that the cost of replacing hail damaged shingles and roofing was $244,712.33" and that the "cost to replace the HVAC soft metal was $318,960.90." Ex. 1 at ¶19.

21.     In addition to seeking damages for the repairs, the Plaintiff seeks payment for the coverage of its costs to defend the underlying action as well as for monetary damages under § 155 of the Illinois Insurance Code, 215 ILCS 5/155, which can amount to up to 60% of actual damages or $60,000 in addition to the damages recoverable in the Underlying Suit.

22.     Thus, it is clear that the amount in controversy exceeds $75,000.

23.     The allegations in this Notice of Removal are true and correct and this case is within the jurisdiction of the United States District Court for the Central District of Illinois.

WHEREFORE, West Bend respectfully requests that Case No. 2022LA0000128, entitled *Hollybrook Apts, LLC v. West Bend Mutual Insurance Company*, now pending in the Circuit Court of Peoria County, Illinois, be removed to the United States District Court for the Central District of Illinois, Peoria Division.

Dated this 28th day of July, 2022.

        Respectfully submitted,

        WEST BEND MUTUAL INSURANCE

        BY: */s/Daniel J. Cunningham*
            One of Its Attorneys

Attorneys for the Defendant, West Bend Mutual Insurance Company
Daniel J. Cunningham
Kathleen M. Hart
Tressler LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606
(312) 627-4000
Fax: (312) 627-1717
dcunningham@tresslerllp.com
khart@tresslerllp.com

## CERTIFICATE OF SERVICE

      I hereby certify that on July 28, 2022, a copy of the foregoing NOTICE OF REMOVAL was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. In addition, this filing will be e-mailed to Plaintiff's counsel.

        TRESSLER LLP

        By*: /s/ Daniel J. Cunningham*

        Attorney for Defendant, West Bend Mutual Insurance Company